# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOVELACE RESPIRATORY RESEARCH INSTITUTE, | * |
| Plaintiff, | * |
| v. | *    Case No. WDQ-10-2202 |
| CAMBRIDGE SYSTEMS, INC., | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 8.) Currently pending is plaintiff's Motion to Enter Default Judgment Pursuant to Rule 55(b)(1).[1] (ECF No. 7.) No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2). For the reasons discussed herein, I respectfully recommend that plaintiff's motion (ECF No. 7) be GRANTED and that damages be awarded as set forth herein.

### I. BACKGROUND

On May 15, 2007, plaintiff Lovelace Respiratory Research Institute ("LRRI"), a biomedical research organization with a principal place of business in New Mexico, entered into a contract with defendant Cambridge Systems, Inc. ("CSI"), a professional services organization

---

[1] While plaintiff moved for entry of a default judgment by the clerk pursuant to Fed. R. Civ. P. 55(b)(1), authority for the court to enter a default judgment is found in Fed. R. Civ. P. 55(b)(2). Accordingly, the undersigned will review plaintiff's motion under Fed. R. Civ. P. 55(b)(2).

with a principal place of business in Virginia, in which they agreed to a joint venture involving the placement of foreign physical and occupational therapists at healthcare facilities in the United States. (Compl. ¶¶ 2-3; 12.) Specifically, LRRI agreed to sponsor the employees for immigration purposes, provide employees to CSI for term assignments, and pay the employees' wages and benefits. (Id. ¶ 13.) CSI, in turn, agreed to place the employees at various health care facilities, accept payment for the employees' services, and pay amounts invoiced by LRRI for these services within thirty days. (Id. ¶ 14-18.)

LRRI maintains that it timely performed all of its obligations under the parties' contract. (Id. ¶ 19.) LRRI alleges that it submitted invoices to CSI for amounts totaling $276,766.84, covering an approximately five month period, which CSI failed to pay, despite continuing to collect payments for the employees' services from health care institutions during this time period. (Id. ¶¶ 20-24.) LRRI further alleges that CSI admitted that its account was past due, but ignored LRRI's repeated efforts to work out a payment schedule.[2] (Id. ¶¶ 25-26.)

---

[2] LRRI also asserts that CSI waived the mediation/arbitration provision contained in the parties' contract by ignoring LRRI's repeated requests for mediation, citing In re Weekly Homes, 985 S.W.2d 111 (Tex. 1998). (Compl. ¶¶ 27-31.) Although this case is inapposite, the court in Weekly articulated the prevailing view that waiver of the arbitration right can be implied where, based the totality of the circumstances, a party acts inconsistently with the arbitration right, causing prejudice to the other party. Id. at 114; See generally, 6 C.J.S. Arbitration § 76 (2010).

In the instant case, CSI's conduct in repeatedly ignoring LRRI's requests to initiate mediation is inconsistent with any intention to invoke its right to arbitrate. See also, Earl T. Browder, Inc. v. Cnty Court of Webster Cnty, 143 W. Va. 406, 411, 102 S.E.2d 425, 430 (1958) (defendant ignored plaintiff's demand for arbitration, thus waiving right to require arbitration). Moreover, this conduct has caused prejudice to LRRI, as LRRI has been unable to obtain relief on its claims due to CSI's refusal to engage in any form of dispute resolution. Accordingly, the undersigned concludes that CSI has waived any right to invoke the arbitration provision.

The undersigned also notes that other courts have found waiver of the arbitration right where a party's conduct resulted in entry of a default judgment against it. See Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434 (6th Cir. 2002) (finding waiver

2

On August 10, 2010, LRRI filed suit against CSI in this court, alleging breach of contract, and seeking damages of $276,766.84. (Id. ¶¶ 32-35.) LRRI served CSI with a Summons and Complaint on August 17, 2010. (Swerdlin Decl., ECF No. 7 Ex 1.) After CSI failed to file an Answer or otherwise defend, LRRI filed a Motion for Entry of Default, which the Clerk granted on September 24, 2010. (ECF Nos. 5 & 6.) LRRI thereafter filed a Motion to Enter Default Judgment Pursuant to Rule 55(b)(1) on October 5, 2010. (ECF No. 7.) In support thereof, LRRI filed a Declaration of Mark J. Swerdlin. (ECF No. 7 Ex. 1.) In its motion, LRRI seeks damages in the amount of $277,232.64, which includes CSI's total unpaid balance of $276,766.84 and costs of suit of $465.80. (Id.) On October 7, 2010, Judge Quarles referred LRRI's motion to the undersigned to review and to make recommendations concerning damages. (ECF No. 8.)

## II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id.; see also 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

---

where party sought to invoke mandatory arbitration clause only after district court entered default judgment against it); Bojadzijev v. Roanoke Tech. Corp., 34 Fla. L. Weekly D73, 997 So.2d 1251 (2009) (upholding denial of motion to vacate default judgment where parties' contract contained a mandatory arbitration clause on basis that moving party had waived right to arbitration by failing to raise issue before trial court in a timely motion to compel arbitration); State ex rel. Barden and Robeson Corp. v. Hill, 208 W. Va. 163, 169, 539 S.E.2d 106, 112 (2000) ("Unexcused conduct that results in the entry of default is no less of an implicit waiver of a right to arbitration than any other procedural forfeiture.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum). In addition, with respect to the character of the amount and judgment, Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In sum, the court must (1) determine whether the unchallenged facts in LRRI's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages.

### III. DISCUSSION

#### a. Defendant's Liability

In order to assert a *prima facie* cause of action for breach of contract, a plaintiff must establish (1) the existence of a contract, (2) breach of the contract, and (3) damages that flow from the breach. Good Bird v. Twin Buttes School Dist., 2007 N.D. 103, 733 N.W.2d 601

4

(2007) (cited by 23 Williston on Contracts § 63:1 (2010)).  A breach of contract occurs where there is a "failure, without legal excuse, to perform any promise that forms part of the contract." 23 Williston on Contracts § 63:1 (4th ed.); see also, Weiss v. Sheet Metal Fabricators Inc., 206 Md. 195, 203, 110 A.2d 671, 675 (Md. 1955).  The burden of proving a cause of action for breach of contract is on the party asserting the breach.  23 Williston on Contracts § 63:14 (4th ed.).

Accepting as true the well-pleaded allegations in LRRI's Complaint, the undersigned concludes that these allegations constitute a legitimate cause of action for breach of contract against CSI.  LRRI asserts that it had a valid and enforceable agreement with CSI (Compl. ¶¶ 12-18, 33), and that CSI breached the contract by failing to pay LRRI money it was rightfully owed (Id. ¶¶ 19-26; see also, id. Ex. 2 at 5, Email from Suresh Doki to Richard McGivney ("We need to figure out a schedule to pay out your balances.  Please provide a final statement so that we can figure out a payment plan.").)  As a result of CSI's failure to pay its outstanding balances, LRRI was damaged in the amount of $276,766.84, that is, funds it has already paid out to contracted employees, pursuant to the terms of its agreement with CSI.  (Compl. ¶ 22, 35, see also, id. Ex. 5, Letter from Richard McGivney to Linda Hart ("As you are well aware, LRRI has already paid these sums to the contracted employees and is suffering great hardship by having to carry the unpaid amounts.").)

    **b. <u>Damages</u>**

LRRI requests a total of $277,232.64 in damages.  (ECF No. 7.)  This amount includes the unpaid principal owed by CSI of $276,766.84.  (Swerdlin Decl., ECF No. 7 Ex. 1.)  In support of this request, LRRI points to a summary of the invoices it submitted to CSI equaling this amount.  (Id. Ex. 2.)  This amount is a "sum certain or a sum that can be made certain by

computation," Fed. R. Civ. P. 55(b)(1), and is consistent with the amount of damages LRRI requested in its complaint. See Fed. R. Civ. 54(c); see also, Virgin Records Am. Inc. v. Lacey, 510 F. Supp. 2d 588, 593-94 (S.D. Ala. 2007) ("Where the amount of damages sought is a sum certain . . . no evidentiary hearing is required."). Accordingly, I recommend granting this request.

LRRI also requests $465.80 for the costs of this action, which consist of a $350.00 filing fee and a $115.80 service of process fee. (Swerdlin Decl., ECF No. 7 Ex. 1 at 2.) LRRI, as the prevailing party, is entitled to recover its costs, other than attorney's fees, absent a federal rule, statute, or court order to the contrary, pursuant to Fed. R. Civ. P. 34(d)(1). Recovery of costs is limited, however, to the items enumerated in 28 U.S.C. § 1920, including, as pertinent here, "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). This provision has been interpreted to encompass private processer fees. See Wyne v. Medo Indus., Inc., 329 F. Supp. 2d 584, 590 (D. Md. 2004). Accordingly, I recommend granting this request.

### IV. **CONCLUSION**

In sum, I recommend that:

1. The court GRANT plaintiff LRRI's Motion to Enter Default Judgment Pursuant to Rule 55(b)(1) (ECF No. 7); and

2. The court award LRRI $276,766.84 for CSI's breach and $465.80 for the costs of this suit, for a total judgment of $277,232.64.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant Cambridge Systems, Inc. at the address listed on plaintiff's Complaint (ECF No. 1).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   11/10/10                                      /s/                         
　　　　　　　　　　　　　　　　　　　　　　　　　Beth P. Gesner
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge